UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Nautilus Insurance Co.

    v.                                           Civil No. 12-cv-488-JL

Colonial Management Group, LP, et al.

**PROCEDURAL ORDER**

Plaintiff Nautilus Insurance Co. filed this suit against defendants Colonial Management Group, LP, Metro Treatment Center of New Hampshire, Karl Lanocha, and Shawna Palmer in this court. Nautilus's claims arise under state law; Nautilus asserts that this court has jurisdiction based upon diversity of the parties. See 28 U.S.C. § 1332(a)(1).[1] The complaint alleges that (1) Nautilus is an Arizona corporation with its principal place of business in Arizona; (2) Colonial Management Group and Metro Treatment Center are Delaware limited partnerships, each with a principal place of business in Florida; and (3) Lanocha and Palmer are residents of New Hampshire.

---

[1] The complaint also asserts that this court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. ¶ 6. The Court of Appeals has held, however, that this "Act merely makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis," such that "there must be an independent basis of jurisdiction before a federal court may entertain a declaratory-judgment action." Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto, 522 F.3d 1, 5 (1st Cir. 2008) (internal quotations, citations, and alterations omitted).

For purposes of diversity jurisdiction, only the first of these allegations sufficiently identifies a party's citizenship: a corporation like Nautilus is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business.  Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006).  Limited partnerships such as Colonial Management Group and Metro Treatment Centers, however, are deemed to be citizens of the same states as each of their partners.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004).  The complaint does not contain any information regarding the citizenship of the partners of either of these defendants.  And the citizenship of individuals such as Lanocha and Palmer is determined not by residence, but by domicile, i.e., "the place where one is present and intends to stay."  Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).  "A bare statement of residence or address only informs the Court as to where the plaintiff lives, not of which state he is a citizen and domiciliary."  Lefkowitz v. Lider, 443 F. Supp. 352, 355 (D. Mass. 1978).

Based upon the information currently before it, then, the court cannot be certain of the citizenship of any of the defendants.  If any of the defendants are, like Nautilus, citizens of Arizona, the court will, of course, lack diversity

jurisdiction.  Alvarez-Torres v. Ryder Memorial Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009).

Accordingly, no later than **January 4, 2013**, Nautilus shall file an affidavit of jurisdictional facts with the court.  The affidavit shall describe, to the best of Nautilus's knowledge or belief:

1. The identities and place of citizenship of all members of Colonial Management Group, LP and Metro Treatment Center of New Hampshire as of the date this action was filed; and

2. The places of domicile of Karl Lanocha and Shawna Palmer as of the date this action was filed.

In determining the place of citizenship of the members of Colonial Management Group, LP and Metro Treatment Center of New Hampshire, Nautilus is reminded that, if any of those parties' partners are themselves unincorporated entities, then the citizenship of each of the members or partners of those entities must also be determined.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2011).

Failure to comply with this order will result in dismissal of the case for failure to show subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 14, 2012

cc: William L. Boesch, Esq.